**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

**SHEILA DOVE WHORLEY,**

**Plaintiff,**

**v.** **CASE NO. 2:11-cv-00208**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

**Defendant.**

**MEMORANDUM OPINION AND ORDER**

This is an action seeking review of the decision of the Commissioner of Social Security denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. Both parties have consented in writing to a decision by the United States Magistrate Judge. On June 22, 2011, Plaintiff filed a Motion to Remand Based on New and Material Evidence pursuant to sentence six of 42 U.S.C. §405(g) (ECF No. 12), after she was awarded benefits on a subsequent application effective the day after the ALJ's decision on the application before the court, and a brief in support of her claim (ECF No. 13). The Commissioner filed a brief in support of judgment on the pleadings which also addressed Claimant's Motion to Remand (ECF No. 14). Claimant filed a response to Defendant's brief (ECF No. 15).

Plaintiff, Sheila Dove Whorley (hereinafter referred to as "Claimant"), filed an application for DIB on February 9, 2009, alleging disability as of December 31, 2008, due to shortness of breath, lower back/leg pain, nerves, and pain in knees/feet. (Tr. at 10, 75, 83, 135-38, 165-72, 198-202, 235-41.) The claim was denied initially and upon

reconsideration. (Tr. at 10, 75-79, 83-87.) On November 2, 2009, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 86-87.) The hearing was held on August 19, 2010 before the Honorable John W. Rolph. (Tr. at 30-68.) By decision dated September 15, 2010, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 10-24.) The ALJ's decision became the final decision of the Commissioner on March 9, 2011, when the Appeals Council denied Claimant's request for review. (Tr. at 1-3.) On March 30, 2011, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

On October 4, 2010, Claimant filed a subsequent application alleging disability with an onset of December 31, 2008. On February 9, 2010, Claimant was awarded benefits on the subsequent application effective September 16, 2010, the day after the ALJ's unfavorable decision on the subject application, relying upon reports by Nilima Bhirud, M.D., received January 14, 2011 and Lester Sargent (Kara Gettman-Hughes), received on December 14, 2010. (ECF No. 12-2, pp. 1-2; ECF No. 14-1, pp. 1-3; Pl.'s Motion to Remand Br. at 1-6; Def.'s Br. at 16-20.)

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2002). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. § 404.1520(a). The first

inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. § 404.1520(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. § 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. Id. §§ 404.1520(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2002). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity since the alleged onset date. (Tr. at 12.) Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of morbid obesity, degenerative disc disease of the cervical spine with disc bulging and stenosis, lumbosacral strain with pain, moderate right side carpal tunnel

syndrome, dysthymic disorder, major depressive disorder, anxiety disorder, avoidant and paranoid personality traits, social anxiety, and borderline intellectual functioning. (Tr. at 12-14.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 14-17.) The ALJ then found that Claimant has a residual functional capacity for light work, reduced by nonexertional limitations. (Tr. at 17-22.) As a result, Claimant cannot return to her past relevant work. (Tr. at 22.) Nevertheless, the ALJ concluded that Claimant could perform jobs such as janitor, cleaner/housekeeper, and price marker which exist in significant numbers in the national economy. (Tr. at 23-24.) On this basis, benefits were denied. (Tr. at 24.)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

Motion to Remand

The court will first consider Claimant's Motion to Remand. The court notes initially that the Social Security regulations allow two types of remand. Under the fourth sentence of 42 U.S.C. § 405(g), the court has the general power to affirm, modify or reverse the decision of the Commissioner, with or without remanding the cause for rehearing for further development of the evidence. 42 U.S.C. § 405(g); Melkonyan v. Sullivan, 501 U.S. 89, 97 (1991). Where there is new medical evidence, the court may remand under the sixth sentence of 42 U.S.C. § 405(g), based upon a finding that the new evidence is material and that good cause exists for the failure to previously offer the evidence. 42 U.S.C. § 405(g); Melkonyan, 501 U.S. at 97. The Supreme Court has explicitly stated that these are the only kinds of remand permitted under the statute. Melkonyan, 501 U.S. at 98.

In order to justify a remand to consider newly submitted medical evidence, the evidence must meet the requirements of 42 U.S.C. § 405(g) and Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985).[1] In Borders, the Fourth Circuit held that newly discovered

[1] Within relevant case law, there is some disagreement as to whether 42 U.S.C. § 405(g) or the opinion in Borders provides the proper test in this circuit for remand of cases involving new evidence. The court will apply the standard set forth in Borders in accordance with the reasoning previously expressed in this district:

> The court in Wilkins v. Secretary of Dep't of Health & Human Servs., 925 F.2d 769 (4th Cir. 1991), suggested that the more stringent Borders four-part inquiry is superseded by the standard in 42 U.S.C. 405(g). The standard in § 405(g) allows for remand where "there is new evidence which is material and . . . there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." However, Borders has not been expressly overruled. Further, the Supreme Court of the United States has not suggested that Borders' construction of § 405(g) is incorrect. Given the uncertainty as to the contours of the applicable test, the Court will apply the more stringent Borders inquiry.

Brock v. Secretary, Health and Human Servs., 807 F. Supp. 1248, 1250 n.3 (S.D. W. Va. 1992) (citations omitted).

evidence may warrant a remand to the Commissioner if four prerequisites are met: (1) the evidence is relevant to the determination of disability at the time the application was first filed and not simply cumulative; (2) the evidence is material to the extent that the Commissioner's decision "might reasonably have been different" had the new evidence been before him; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant has presented to the remanding court "at least a general showing of the nature" of the newly discovered evidence. Id.

In support of her motion, Claimant provides two medical reports and the favorable decision on her subsequent application. The two medical reports are evaluations by Dr. Bhirud dated January 5, 2011 (physical), and by Ms. Gettman-Hughes dated December 8, 2010 (mental). These two reports were the basis for the award of disability benefits by decision dated February 9, 2011. A comparison of the two applications, medical evidence and decisions is helpful to resolution of the motion.

| Factor | 9/15/2010 decision by ALJ denying benefits | 2/9/2011 decision granting benefits as of 9/16/2010 |
|---|---|---|
| Application date | 2/9/2009 | 10/4/2010 |
| Date of onset | 12/31/2008 | 12/31/2008 |
| Engaged in SGA since date of onset? | No | No |
| Severe impairments | Found by ALJ:<br>Morbid obesity, degenerative disc disease of the cervical spine with disc bulging and stenosis, lumbosacral strain with pain, moderate right side carpal tunnel syndrome, dysthymic disorder, major | Claimant alleged:<br>Morbid obesity, degenerative disc disease, lumbosacral strain, back, knees and ankle pain, carpal tunnel, dysthymic disorder, esophageal strictures |

| | | |
|---|---|---|
| | depressive disorder, anxiety disorder, avoidant and paranoid personality traits, social anxiety, and borderline intellectual functioning | |
| Age on date of decision | 52 years, 8 months | 53 years |
| Date of last consultative physical evaluation | 6/17/2009 (Bhirud) | 1/5/2011 (Bhirud) |
| Physical assessment | "Claimant is a 51-year-old female who gives history of backache. At the time of examination she had mild lumbar tenderness. Forward flexion is 70 degrees. SLR was 70 degrees on both sides. She did not have any neurologic deficits in her lower extremities. As far as her knees are concerned, there was no swelling, no tenderness. Range of motion was normal." (Tr. at 322.) | "The claimant is a 52-year-old female who gives history of backache. At the time of examination, forward flexion was 45 degrees. The claimant appeared to be very depressed. She had mild lumbar tenderness. Straight leg raising was positive at 70 degrees on both sides." (ECF No. 14-1, at 3.) |
| Date of last consultative mental evaluation | 5/12/2009 (Tate) | 12/11/2010 (Sargent/Gettman-Hughes) |
| Mental status examination | Activities of Daily Living: Watching television, briefly at times. She also takes a shower. Social Functioning: Within normal limits based on her interaction with staff during the evaluation. Concentration: Mildly deficient based on the Digit Span subtest score of 6. Persistence: Within normal limits based on clinical observation. Pace: Within normal limits based on clinical observation. (Tr. at 301.) | Activities of Daily Living: Stays in bed all day; does not do any housework or yardwork. Social Functioning: Does not go out; does not visit family or friends; does not talk on telephone; does not exercise; does not go to church Concentration: Very poor; could not be assessed because the claimant cried when asked to repeat |

| | | |
|---|---|---|
| | | digits.<br>Persistence: Moderately impaired based on her ability to remain focused on tasks<br>Pace: Slow |
| Mental diagnosis | Major depressive disorder, single episode, severe with anxious features, based on symptoms of crying, excessive worry, feeling overwhelmed, sadness, loss of interest in activities, social withdrawal, hopelessness, helplessness, sleep difficulty. (Tr. at 300-01.) | Major depressive disorder, single episode, moderate; generalized anxiety disorder. |

Claimant asserts that the two new reports provide a basis for remand because they meet the Borders four-part test. (ECF No. 12, at 4-6.) She further contends that the favorable decision itself constitutes new and material evidence. Id. at 4.

The Commissioner responds that the subsequent decision granting benefits is not "evidence." (ECF No. 14, at 16.) He contends that the two reports do not meet the Borders test because they do not relate to the time period relevant to the ALJ's decision. Id. at 19-20.

Relevance

The evidence must be relevant to the determination of disability at the time the application was first filed, and not simply cumulative. The application period under consideration is December 31, 2008 through September 15, 2010. Dr. Bhirud's reports dated 6/17/2009 and 1/5/2011 are remarkably similar. In both reports, she noted "a history of backache" and "mild lumbar tenderness." (Tr. at 322; ECF No. 14-2 at 3.) In 2009, Claimant's straight leg raise was "70 degrees on both sides." (Tr. at 322.) It is unclear

whether Dr. Bhirud was indicating that the test was positive at 70 degrees, or that Claimant simply raised her legs to 70 degrees. In 2011, her straight leg raising was "positive at 70 degrees on both sides." In the 2009 report, Claimant's forward flexion was 70 degrees; in the 2011 report, it was 45 degrees. Id. The 2011 report confirms the findings of the 2009 report, and indicates that Claimant's condition worsened.

Evidence is deemed to be relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401. Dr. Bhirud's 2009 report was rendered 15 months before the ALJ's decision; the 2011 report was issued less than four months after the ALJ's decision. The two reports indicate a worsening of Claimant's back condition. There is no reason to believe that Claimant's back condition suddenly worsened on September 16, 2010, the day after the ALJ's decision; degenerative disc disease is a gradual process. Accordingly, the court finds that the 2011 report by Dr. Bhirud is relevant to whether Claimant's back impairment was disabling, alone or in combination, prior to September 15, 2010.

The analysis with respect to the 2010 mental status evaluation by Ms. Gettman-Hughes yields a similar result. The court notes that the ALJ credited the mental status evaluation of Lisa Tate, dated May 12, 2009, fifteen months before the ALJ's decision, but not that of Sheila Kelly, dated April 9, 2010. Ms. Tate reported the same diagnosis as Ms. Gettman-Hughes, although Mr. Tate rated it as "severe," while Ms. Gettman-Hughes termed it "moderate." Both evaluators described Claimant's social withdrawal, crying, depression, etc. Ms. Kelly described Claimant's life of staying in her room, lying on her bed, as "hugely avoidant and socially anxious." (Tr. at 410.) It is apparent that Claimant has

been displaying the same depressive symptoms over a period of years and did not suddenly worsen on September 16, 2010. The court finds that the 2010 report by Ms. Gettman-Hughes is relevant to whether Claimant's mental impairment(s) were disabling, alone or in combination, prior to September 15, 2010.

Materiality

Evidence is material if the Commissioner's decision might reasonably have been different had the new evidence been presented. When the psychological evidence is viewed over the span from Ms. Tate's evaluation to Ms. Gettman-Hughes' report, it is plain that Claimant's depression and anxiety have worsened considerably, and may well have met the criteria of the Listings in Appendix 1 for Affective Disorders or Anxiety Related Disorders as of a date prior to September 15, 2010. The court finds that Ms. Gettman-Hughes' report is material.

The court is not persuaded that Dr. Bhirud's 2011 report is material.

Good Cause

The court finds that good cause exists for Claimant's failure to submit the evidence when the claim was before the Commissioner; the reports did not exist as of the ALJ's decision. As set forth in the Motion to Remand, Claimant's counsel was unaware of the reports until March 24, 2011, two weeks after the Appeals Council denied the request for review.

Nature of the Evidence

Claimant has produced the reports themselves.

Favorable Decision as Evidence

The court concludes that it is not necessary to decide whether the favorable ruling

awarding benefits as of September 16, 2010 is itself evidence.

Ruling

The court finds that Claimant has met the four-part Borders test with respect to the mental status evaluation by Ms. Gettman-Hughes, and accordingly the Commissioner's decision is not supported by substantial evidence. It is hereby **ORDERED** that the Motion to Remand (ECF No. 12) is granted and this case is remanded to the Commissioner for further proceedings pursuant to the sixth sentence of 42 U.S.C. § 405(g), that is, for determination of the date when Claimant became disabled.

The Clerk is directed to transmit this Memorandum Opinion and Order to counsel of record and to transfer this case to the inactive docket, to await the Commissioner's decision on remand.

ENTER: May 15, 2012

Mary E. Stanley
United States Magistrate Judge